## UNITED STATES DISTRICT COURT
## WESTERN DISTRICT OF KENTUCKY
## AT LOUISVILLE
## CRIMINAL ACTION NO. 3:08CR-132-M

**COMMONWEALTH OF KENTUCKY**                          **RESPONDENT/PLAINTIFF**

**v.**

**EARL E. CLARK III**                                         **PETITIONER/DEFENDANT**

### MEMORANDUM OPINION

This matter is before the Court on Petitioner/Defendant Earl E. Clark III's petition to remove his criminal proceeding pursuant to 28 U.S.C. § 1443. For the reasons set forth below, the Court will dismiss the petition and remand the action to state court.

This petition for removal arises out of a criminal prosecution in the Jefferson Circuit Court, *Commonwealth of Kentucky v. Earl Clark*, Indictment Nos. 08-CR-2840 and 07-CR-1221. Clark argues that he is "a black man" and that "white officials actions [in his criminal cases] are clearly violations of his (a) civil rights; (b) human rights; and (c) constitutional rights." Clark's removal petition is somewhat difficult to follow.[1] As best the Court can tell, Clark is upset that a prior Texas conviction was treated as a felony instead of a misdemeanor by the Commonwealth Attorney's Office. Clark believes that racial animus is to blame for this decision, and that Judge Irv Maze, equally prejudiced against African Americans, tolerated the conduct.

Clark asserts that his action is removable pursuant to 28 U.S.C. § 1443. This section permits removal of a criminal action by a defendant:

> (1) Against any person who is denied or cannot enforce in the courts of [a State] a right under any law providing for the equal civil rights of citizens of the United States . . .; or

---

[1] The difficulty is likely attributable to the fact that while Clark signed the removal petition himself, it was written by another inmate, Ja-Ron Teague.

>   (2)  For any act under color of authority derived from any law providing for equal rights, or for refusing to do any act on the ground that it would be inconsistent with such law.

28 U.S.C. § 1443.

With respect to subsection (1), a removal petition must satisfy a two-pronged test. *See Johnson v. Mississippi*, 421 U.S. 213 (1975). "First, it must appear that the right allegedly denied the removal petitioner arises under a federal law 'providing for specific civil rights stated in terms of racial equality.'" *Johnson*, 421 U.S. at 219 (quoting *State of Georgia v. Rachel*, 384 U.S. 780, 792 (1966)).

>   Claims that prosecution and conviction will violate rights under constitutional or statutory provisions of general applicability or under statutes not protecting against racial discrimination, will not suffice.  That a removal petitioner will be denied due process of law because the criminal law under which he is being prosecuted is allegedly vague or that the prosecution is assertedly a sham, corrupt, or without evidentiary basis does not, standing alone, satisfy the requirements of § 1443(1).

*Id.* (citing *City of Greenwood v. Peacock,* 384 U.S. 808, 825 (1966)).  Second, a petitioner must show that he cannot enforce the specified federal right in state court. *Johnson*, 421 U.S. at 219. "This provision normally requires that the 'denial be manifest in a formal expression of state law,' such as a state legislative or constitutional provision, 'rather than a denial first made manifest in the trial of the case.'" *Id.* (quoting *Rachel*, 384 U.S. at 799, 803) (internal quotation marks omitted).

Even if Clark could satisfy the first prong, *Rachel*, 384 U.S. at 804 (holding that allegations of a denial of rights under the Civil Rights Act of 1964 satisfied the first prong), his petition wholly fails to satisfy the second prong because he fails to allege a "formal expression of state law," § 1443(1), that prohibits his enforcing his federal rights in state court.  Rather, it

appears from Clark's petition that he believes that state law on the classification of prior convictions was not followed because the state officials overseeing his case were motivated by personal racial animosity. This is insufficient to justify removal. As the United Stated Supreme Court has eloquently and forcefully explained:

> It is not enough to support removal under § 1443 (1) to allege or show that the defendant's federal equal civil rights have been illegally and corruptly denied by state administrative officials in advance of trial, that the charges against the defendant are false, *or that the defendant is unable to obtain a fair trial in a particular state court*. *The motives of the officers bringing the charges may be corrupt, but that does not show that the state trial court will find the defendant guilty if he is innocent, or that in any other manner the defendant will be "denied or cannot enforce in the courts" of the State any right under a federal law providing for equal civil rights.* The civil rights removal statute does not require and does not permit the judges of the federal courts to put their brethren of the state judiciary on trial. Under § 1443 (1), the vindication of the defendant's federal rights is left to the state courts except in the rare situations where it can be clearly predicted by reason of the operation of a pervasive and explicit state or federal law that those rights will inevitably be denied by the very act of bringing the defendant to trial in the state court.

*Peacock*, 384 U.S. at 827. Because Clark has alleged an error of state law, the state appellate courts should be able to vindicate his rights. For these reasons, removal is not proper under § 1443(1).

Nor does Clark's criminal action satisfy the alternative bases for removal under § 1443(2). "The first clause [of subsection (2)], 'for any act under color of authority derived from any law providing for equal rights . . .[,]' has been examined by the Supreme Court and held available only to federal officers and to persons assisting such officers in the performance of their official duties." *Detroit Police Lieutenants and Sergeants Ass'n v. City of Detroit*, 597 F.2d 566, 568 (6th Cir. 1979) (citing *Peacock*, 384 U.S. at 815). As to the second clause of § 1443(2) ("for refusing to do any act on the ground that it would be inconsistent with such law"),

the Supreme Court has noted that "[i]t is clear that removal under that language is available only to state officers."  *Peacock*, 384 U.S. at 824 n.22; *Detroit Police Lieutenants and Sergeants Ass'n*, 597 F.2d at 568 ("We believe that this provision of the statute was designed to protect state officers from being penalized for failing to enforce discriminatory state laws or policies by providing a federal forum in which to litigate these issues.").  As Clark is not a federal officer or a person assisting a federal officer in the performance of his duties or a state officer, neither clause of § 1443(2) applies.

Because removal is not authorized under either § 1443, this Court is without jurisdiction to entertain Clark's criminal action at this time.  The Court will dismiss Clark's petition and summarily remand the action pursuant to 28 U.S.C. § 1446(c)(4).[2]

The Court will enter an Order consistent with this Memorandum Opinion.

Date:

cc:     Petitioner/Defendant
        Clerk, Jefferson Circuit Court
        Jefferson County Attorney
4414.008

---

[2]Pursuant to § 1446(c)(4), "If it clearly appears on the face of the notice [of removal of a criminal prosecution] and any exhibits annexed thereto that removal should not be permitted, the court shall make an order for summary remand."